I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST: **VICTORIA C. MINOR**

Clerk, U. S. District Court
Eastern District of California

By _aBenson_
Deputy Clerk

Dated _12/19/07_

07cv10952  CIVIL, CLOSED

#6

## U.S. District Court
### Eastern District of California - Live System (Sacramento)
CIVIL DOCKET FOR CASE #: 2:07-cv-02145-FCD-JFM
Internal Use Only

Rush v. Merck & Co., Inc.
Assigned to: Judge Frank C. Damrell, Jr
Referred to: Magistrate Judge John F. Moulds
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 10/11/2007
Date Terminated: 12/19/2007
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**

**Catherine Rush**                    represented by  **Clifford Lee Carter**
Clayeo C. Arnold, A Professional Law Corporation
608 University Avenue
Sacramento, CA 95825
(916) 924-3100
Fax: (916) 924-1829
Email: cliff@ccalawcorp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Merck & Co., Inc.**                  represented by  **Jeffrey Marc Tanzer**
Venable LLP (Los Angeles)
2049 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 229-9900
Fax: (310) 229-9901
Email: jtanzer@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/11/2007 | ● | (Court only) SUBMISSION of CREDIT CARD INFORMATION for Civil Complaint Filing Fee in the amount of $350.00;<br>Type of Credit Card: American Express<br>Name as it appears on Credit Card: Clifford L. Carter<br>Contact Telephone Number: (916) 924-3100<br>Street: 608 University Ave.<br>Zip code: 95825<br>Credit Card Number: xxxx-xxxx-xxxx-xxxx<br>Expiration Date: xx/xx<br>Security Code: xxx<br>(Carter, Clifford) (Entered: 10/11/2007) |
| 10/11/2007 | ●1 | COMPLAINT against Merck & Co., Inc. by Catherine Rush. Attorney Carter, Clifford Lee added. (Attachments: # 1 Civil Cover Sheet # 2 Summons)(Carter, Clifford) (Entered: 10/11/2007) |
| 10/11/2007 | ●2 | (Court only) PROCESS CREDIT CARD (Engbretson, K.) (Entered: 10/11/2007) |
| 10/11/2007 | ● | RECEIPT number #CAE200001793 $350.00 fbo Catherine Rush by Clifford L. Carter on 10/11/2007. (Engbretson, K.) (Entered: 10/11/2007) |
| 10/11/2007 | ●3 | SUMMONS ISSUED as to *Merck & Co., Inc.* with answer to complaint due within *20* days. Attorney *Clifford L. Carter* *608 University Avenue* *Sacramento, CA 95825*. (Engbretson, |

|  |  |  |
|---|---|---|
|  |  | K.) (Entered: 10/11/2007) |
| 10/11/2007 | ◑4 | CIVIL NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms # 2 VDRP Forms) (Engbretson, K.) (Entered: 10/11/2007) |
| 11/08/2007 | ◑5 | SUMMONS RETURNED EXECUTED by Catherine Rush. Merck & Co., Inc. served on 10/26/2007. (Carter, Clifford) Modified on 11/9/2007 (Yin, K.). (Entered: 11/08/2007) |
| 11/15/2007 | ◑6 | ANSWER to COMPLAINT with Jury Demand by Merck & Co., Inc.. Attorney Tanzer, Jeffrey Marc added.(Tanzer, Jeffrey) (Entered: 11/15/2007) |
| 12/19/2007 | ◑7 | MDL ORDER, CASE TRANSFERRED to the Southern District of New York. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED. (Benson, A) (Entered: 12/19/2007) |
| 12/19/2007 | ◑8 | TRANSMITTAL LETTER to the Southern District of New York per MDL Transfer. (Benson, A) (Entered: 12/19/2007) |

1  **CLAYEO C. ARNOLD**
**A Professional Law Corporation**
2  **Clayeo C. Arnold, SBN 65070**
**Clifford L. Carter, SBN 149621**
3  **Kirk J. Wolden, SBN 138902**
**608 University Avenue**
4  **Sacramento, CA 95825**
**Telephone (916) 924-3100**
5  **Fax: (916) 924-1829**

6
**Attorney for Plaintiffs**
7

8

9                    **UNITED STATES DISTRICT COURT**
10                    **EASTERN DISTRICT OF CALIFORNIA**
11

12  **CATHERINE RUSH,**                    )    **Case No:**
                                           )
13          **Plaintiffs,**                )
                                           )    **COMPLAINT FOR PERSONAL INJURIES**
14  **vs.**                                )    **AND DEMAND FOR JURY TRIAL**
                                           )
15  **MERCK & CO., INC., and  Does 1**     )
    **through 25, inclusive,**             )
16                                         )
           **Defendants.**                 )
17  _____)

18          **COMPLAINT AND DEMAND FOR JURY TRIAL**

19

20          Plaintiffs, Catherine Rush through her undersigned attorneys Clayeo C. Arnold, A

21  Professional Law Corporation, sue Defendant Merck & Company, Inc., and allege as follows:

22                    **I. JURISDICTION AND VENUE**

23          1.      This Court has jurisdiction pursuant to 28 U.S.C. §§1332, as complete diversity

24  exists between Plaintiff and Defendant.  Plaintiff is a resident of the State of California, and

25  Defendant is incorporated and has as its primary business in the State of New Jersey.  The

26  amount in controversy, exclusive of interest and costs, exceeds $75,000.

27

28

                                           1

1    2.    Venue is proper within this district pursuant to  Case Management Order No. 3,

2  filed November 1, 2006, signed by John F. Keenan, allowing Fosamax- related cases to be filed

3  directly in the Southern District of New York.

4    3.    Plaintiff, Catherine Rush, specifically demands a jury trial.

5  ## II. **PARTIES**

6    4.    Plaintiff, Catherine Rush, was born January 22, 1926. At all relevant times

7  Plaintiff was a resident of Newcastel, California, and used FOSAMAX from the March, 2002

8  until June, 2006.

9    5.    Defendant is a corporation organized and existing under the laws of the State of

10  New Jersey, with its principal place of business in New Jersey.  The Defendant's registered

11  office is at 820 Bear Tavern Road, City of West Trenton, Mercer County, New Jersey.

12    6.    Defendant was at all relevant times authorized to conduct business in the State

13  of California and the State of New York.

14    7.    Defendant has regularly transacted business in the State of California and the

15  State of New York and continues to do so.

16    8.    At all relevant times Defendant, through its agents, servants, employees and

17  apparent agents was the designer, manufacturer, marketer, distributor and seller of FOSAMAX,

18  a bisphosphonate drug used primarily to mitigate or reverse the effects of osteoporosis.

19    9.    Defendant, either directly or through its agents, apparent agents, servants or

20  employees, at all relevant times, sold and distributed FOSAMAX in the State of California for

21  the treatment of pain and inflammation.

22    10.    Defendant derives substantial revenue from pharmaceutical products used or

23  consumed in the State of California and in the State of New York.

24    11.    Defendant expected, or should have expected, that its business activities could

25  or would have consequences within the State of California and in the State of New York.

26

27

28

2

### III. <u>SUMMARY OF THE CASE</u>

12.    Defendant, either directly or through its agents, apparent agents, servants or employees designed, manufactured, marketed, advertised, distributed and sold FOSAMAX for the treatment of osteoporosis, Paget's Disease, and other off-label uses.

13.    As a result of the defective nature of FOSAMAX, persons who were prescribed and ingested FOSAMAX, including Plaintiff Catherine Rush, have suffered and may continue to suffer severe and permanent personal injuries to the jaw bone, including osteonecrosis of the jaw and other diagnoses of irreversible damage to the jaw.

14.    Defendant concealed its knowledge of FOSAMAX's unreasonably dangerous risks from Plaintiff Catherine Rush, other consumers, and the medical community.

15.    Defendant failed to conduct adequate and sufficient post-marketing surveillance of FOSAMAX after it began marketing, advertising, distributing, and selling the drug.

16.    As a result of Defendant's actions and inaction, Plaintiff Catherine Rush was injured due to her ingestion of FOSAMAX, which has caused and will continue to cause Plaintiffs' various injuries and damages.  Plaintiffs accordingly seek compensatory damages.

### IV.  <u>FACTUAL BACKGROUND</u>

17.    At all relevant times Defendant was responsible for, or involved in, designing, manufacturing, marketing, advertising, distributing, and selling FOSAMAX.

18.    In September 1995, the United States Food and Drug Administration ("FDA") approved Merck's compound alendronate, which is marketed by Merck as FOSAMAX, for various uses, including the treatment of osteoporosis and Paget's Disease.

19.    FOSAMAX falls within a class of drugs known as bisphosphonates. Bisphosphonates are used for treating bone conditions such as osteoporosis and Paget's disease.  Other drugs within this class such as Aredia and Zometa are also used as chemotherapy and as adjunct chemotherapy but are not indicated for use in non-cancerous conditions such as osteoporosis.

3

20. There are two classes of bisphosphonates: the N-containing (nitrogenous) and non-N-containing (non-nitrogenous) bisphosphonates. The nitrogenous bisphophonates include the following: pamidronate (Aredia); ibandronate (Bondronat); and alendronate (FOSAMAX). The non-nitrogenous bisphosphonates include the following: etridonate (Didronel); clodronate (Bonefos and Loron); and tiludronate (Skelid). Alendronate, like the others, contains a nitrogen atom, whereas etridonate, clodronate, and tiludronate do not. The PDR for FOSAMAX confirms that the molecule contains a nitrogen atom.

21. Throughout the 1990s and 2000s, medical articles and studies appeared reporting the frequent and common occurrence of osteonecrosis of the jaw within the nitrogenous bisphosphonates used for chemotherapy. As with its reported and acknowledged side effects concerning irritation, erosion, and inflammation of the upper gastrointestinal tract, Merck knew or should have know that FOSAMAX, as a nitrogenous bisphosphonate, shared a similar adverse event profiles to the other drugs within this specific subclass of bisphosphonates (i.e., those containing nitrogen).

22. Merck knew and or should have known that bisphosphonates, including FOSAMAX, inhibit endothelial cell function. Similarly, Merck knew or should have known that Bisphosponates also inhibit vascularization of the affected area and induce ischemic changes specific to patients mandibles (lower jaws) and maxillae (upper jaws) and that these ischemic changes appear to be cumulative in nature.

23. Merck also knew or should have known that these factors combine to create a compromised vascular supply in the affected area. As a result, a minor injury or disease can turning into a non-healing wound. That in turn can progress to widespread necrosis (bone death) and osteomyelitis (inflammation of bone marrow).

24. Dentists are now being advised by state dental associations to refrain from using any invasive procedure (such as drilling a cavity) for any patient on FOSAMAX.

25. Once the osteonecrosis begins and becomes symptomatic, it is very difficult to treat and is not reversible.

4

26.    Shortly after Defendant began selling FOSAMAX, reports of osteonecrosis of the jaw and other dental complications among users began surfacing, indicating that FOSAMAX shared the class effects of the other nitrogenous bisphosphonates. Despite this knowledge, Defendant failed to implement further study  risk of osteonecrosis of the jaw relative to FOSAMAX.  Rather than evaluating and verifying the safety of FOSAMAX with respect to osteonecrosis of the jaw, Defendant proposed further uses of FOSAMAX, such as FOSAMAX-D, and sought to extend the exclusivity period of FOSAMAX through 2018.

27.    Osteonecrosis of the jaw is a serious medical event and can result in severe disability and death.

28.    Since FOSAMAX was released, the FDA has received a number of reports osteonecrosis of the jaw among users of FOSAMAX.

29.    On August 25, 2004, the United States Food & Drug Administration ("FDA") posted its ODS Postmarketing Safety Review on bisphosphonates - - specifically pamidronate (Aredia), zoledronic acid (Zometa), risedronate (Actonel), and alendronate (FOSAMAX).  This was an epidemiologic  review of the FDA adverse events database conducted by the FDA's Division of Drug Risk Evaluation.

30.    As  a result of the FDA Review, the FDA observed that the risk of osteonecrosis of the jaw was not confined to bisphosphonates used for chemotherapy.  The FDA's review indicated that the osteonecrosis of the jaw was a class effect which specifically extended to the oral bisphosphonate, FOSAMAX.

31.    As a result, the FDA recommended and stated that the labeling for FOSAMAX should be amended by Merck to specifically warn about the risk of osteonecrosis of the jaw. Merck has refused to accede to the FDA's request and, to this day, still does not warn of the risk of osteonecrosis of the jaw in its FOSAMAX labeling.

32.    Rather than warn patients, and despite knowledge known by Defendant about increased risk of osteonecrosis of the jaw  on patients using FOSAMAX, Defendant continues to defend FOSAMAX and minimize unfavorable findings.

1    33.    FOSAMAX is one of Defendant's top selling drugs.  Averaging more than $3
2    billion a year in sales.

3    34.    Consumers, including Plaintiff Catherine Rush, who have used FOSAMAX for
4    treatment of osteoporosis, have several alternative safer products available to treat the
5    conditions.

6    35.    Defendant knew of the significant risk of dental and oral complications caused by
7    ingestion of FOSAMAX, but Defendant did not adequately and sufficiently warn consumers,
8    including Plaintiff Catherine Rush, or the medical community, of such risks.

9    36.    As a direct result, Plaintiff Catherine Rush  was prescribed FOSAMAX and has
10   been permanently and severely injured, having suffered serious consequences from the
11   ingestion of FOSAMAX.  Plaintiff Catherine Rush requires and will in the future require ongoing
12   medical care and treatment.

13   37.    Plaintiff Catherine Rush has suffered from mental anguish from the knowledge
14   that Plaintiff will have life-long complications as a result of the injuries Plaintiff sustained from
15   the use of FOSAMAX.

16   38.    Plaintiff Catherine Rush was prescribed and began taking FOSAMAX in March,
17   2002.

18   39.    Plaintiff used FOSAMAX as prescribed and in a foreseeable manner.

19   40.    As a direct and proximate result of using FOSAMAX, Plaintiff suffered severe
20   personal injury to the jaw.

21   41.    Plaintiff, as a direct and proximate result of using FOSAMAX, suffered severe
22   mental and physical pain and suffering and has sustained permanent injuries and emotional
23   distress.

24   42.    Plaintiff used FOSAMAX which had been provided to her in a condition that was
25   substantially the same as the condition in which it was manufactured and sold.

26   43.    Plaintiff would not have used FOSAMAX had Defendant properly disclosed the
27   risks associated with the drug.  Alternatively, Plaintiff would have known the precursor events

28

6

1  of osteonecrosis of the jaw and would have been able to avoid the clinical manifestation of the
2  symptoms as they currently exist.

3      44.    Defendant, through its affirmative misrepresentations and omissions, actively
4  concealed from Plaintiff and her physicians the true and significant risks associated with taking
5  FOSAMAX.  The running of any applicable statute of limitations has been tolled by reason of
6  Defendant's fraudulent concealment.

7      45.    As a result of Defendant's actions, Plaintiff and her prescribing physicians were
8  unaware, and could not have reasonably known or have learned through reasonable diligence,
9  that Plaintiff had been exposed to the risks identified in this complaint, and that those risks
10  were the direct and proximate result of Defendant's acts, omissions, and misrepresentations.

11                                      **COUNTS**
12                              **COUNT I:  NEGLIGENCE**

13      46.    Plaintiffs re-allege the above as if fully set forth herein.

14      47.    Defendant owed Plaintiff, Catherine Rush, and other consumers, a duty to
15  exercise reasonable care when designing, manufacturing, marketing, advertising, distributing,
16  and selling FOSAMAX.

17      48.    Defendant failed to exercise due care under the circumstances and therefore
18  breached this duty by:

19      a.     failing to properly and thoroughly test FOSAMAX before releasing the drug to
20  market;

21      b.      failing to properly and throughly analyze the data resulting from the pre-
22  marketing tests of FOSAMAX;

23      c.     failing to conduct sufficient post-market testing and surveillance of FOSAMAX;

24      d.     designing, manufacturing, marketing, advertising, distributing, and selling
25  FOSAMAX to consumers, including Plaintiff, without an adequate warning of the significant and
26  dangerous risks of FOSAMAX and without proper instructions to avoid the harm which could
27  foreseeably occur as a result of using the drug;

28      e.      failing to exercise due care when advertising and promoting FOSAMAX; and

7

f.    negligently continuing to manufacture, market, advertise, and distribute FOSAMAX after Defendant knew or should have known of its adverse effects.

49.    As a direct and proximate consequence of Defendant's actions, omissions, and misrepresentations, Plaintiff Catherine Rush sustained significant and permanent injury of the jaw. In addition, Plaintiff required and will continue to require healthcare and services. Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

50.    Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT II:  STRICT LIABILITY

51.    Plaintiffs re-allege the above.

52.    Defendant manufactured, sold, distributed, marketed, and/or supplied FOSAMAX in a defective and unreasonably dangerous condition to consumers, including Plaintiff Catherine Rush.

53.    Defendant designed, manufactured, sold, distributed, supplied, marketed, and/or promoted FOSAMAX, which was expected to reach and did in fact reach consumers, including Plaintiff, without substantial change in the condition in which it was manufactured and sold by Defendant.

54.    Plaintiff used FOSAMAX as prescribed and in a manner normally intended, recommended, promoted, and marketed by Defendant.

8

55. FOSAMAX failed to perform safely when used by ordinary consumers, including Plaintiff, including when it was used as intended and in a reasonably foreseeable manner.

56. FOSAMAX was defective in its design and was unreasonably dangerous in that its unforeseeable risks exceeded the benefits associated with its design or formulation.

57. FOSAMAX was defective in design or formulation in that it posed a greater likelihood of injury than other similar medications and was more dangerous than an ordinary consumer could reasonably foresee or anticipate.

58. FOSAMAX was defective in its design and was unreasonably dangerous in that it neither bore nor was packaged with nor accompanied by warnings adequate to alert consumers, including Plaintiff, of the risks described herein, including, but not limited to, the risk of osteonecrosis of the jaw.

59. Although Defendant knew or should have known of the defective nature of FOSAMAX, it continued to design, manufacture, market, and sell FOSAMAX so as to maximize sales and profits at the expense of the public health and safety. By so acting, Defendant acted with conscious and deliberate disregard of the foreseeable harm caused by FOSAMAX.

60. Plaintiff could not, through the exercise of reasonable care, have discovered FOSAMAX's defects or perceived the dangers posed by the drug.

61. As a direct and proximate consequence of Defendant's conduct, Plaintiff Catherine Rush sustained significant and permanent injury of the jaw. In addition, Plaintiff required and will continue to require healthcare. Plaintiff has incurred and will continue to incur medical and related expenses. Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages. Plaintiff's direct medical losses and costs include care for hospitalization,

1  physician care, monitoring, treatment, medications, and supplies.  Plaintiff has
2  incurred and will continue to incur mental and physical pain and suffering and loss of
3  wages and wage-earning capacity.

4      62.    Defendant's conduct as described above was committed with knowing,
5  conscious, wanton, willful, and deliberate disregard for the value of human life and
6  the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to
7  punitive damages so as to punish Defendant and deter it from similar conduct in the
8  future.

9              **COUNT III:  BREACH OF EXPRESS WARRANTY**

10     63.    Plaintiffs re-allege the above.

11     64.    Defendant expressly represented to Plaintiff Catherine Rush and other
12 consumers and the medical community that FOSAMAX was safe and fit for its
13 intended purposes, that it was of merchantable quality, that it did not produce any
14 dangerous side effects, and that it was adequately tested.

15     65.    FOSAMAX does not conform to Defendant's express representations
16 because it is not safe, has numerous and serious side effects, and causes severe
17 and permanent injuries.

18     66.    At all relevant times FOSAMAX did not perform as safely as an ordinary
19 consumer would expect, when used as intended or in a reasonably foreseeable
20 manner.

21     67.    Plaintiff Catherine Rush, other consumers, and the medical community
22 relied upon Defendant's express warranties.

23     68.    As a direct and proximate result of Defendant's actions, Plaintiff
24 Catherine Rush sustained serious significant and permanent injuryof the jaw.  In
25 addition, Plaintiff required and will continue to require healthcare and services.
26 Plaintiff has incurred and will continue to incur medical and related expenses.
27 Plaintiff also has suffered and will continue to suffer diminished capacity for the
28 enjoyment of life, a diminished quality of life, increased risk of premature death,

10

1 aggravation of preexisting conditions and activation of latent conditions, and other
2 losses and damages.  Plaintiff's direct medical losses and costs include care for
3 hospitalization, physician care, monitoring, treatment, medications, and supplies.
4 Plaintiff has incurred and will continue to incur mental and physical pain and
5 suffering and loss of wages and wage-earning capacity.

6     69.    Defendant's conduct as described above was committed with knowing,
7 conscious, wanton, willful, and deliberate disregard for the value of human life and
8 the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to
9 punitive damages so as to punish Defendant and deter it from similar conduct in the
10 future.

11 **COUNT IV:  BREACH OF IMPLIED WARRANTY**

12     70.    Plaintiffs re-allege the above paragraphs.

13     71.    Defendant manufactured, distributed, advertised, promoted, and sold
14 FOSAMAX.

15     72.    At all relevant times, Defendant knew of the use for which FOSAMAX
16 was intended and impliedly warranted the product to be of merchantable quality and
17 safe and fit for such use.

18     73.    Defendant was aware that consumers, including Plaintiff Catherine
19 Rush, would use FOSAMAX for treatment of osteoporosis and for other purposes.

20     74.    Plaintiff and the medical community reasonably relied upon the
21 judgment and sensibility of Merck to sell FOSAMAX only if it was indeed of
22 merchantable quality and safe and fit for its intended use.

23     75.    Defendant breached its implied warranty to consumers, including
24 Plaintiff; FOSAMAX was not of merchantable quality or safe and fit for its intended
25 use.

26     76.    Consumers, including Plaintiff, and the medical community, reasonably
27 relied upon Defendant's implied warranty for FOSAMAX.

28

11

1  77.    FOSAMAX reached consumers without substantial change in the
2  condition in which it was manufactured and sold by Defendant.

3  78.    As a direct and proximate result of Defendant's action, Plaintiff
4  Catherine Rush sustained significant and permanent injuryof the jaw.  In addition,
5  Plaintiff required and will continue to require healthcare and services.  Plaintiff has
6  incurred and will continue to incur medical and related expenses.  Plaintiff also has
7  suffered and will continue to suffer diminished capacity for the enjoyment of life, a
8  diminished quality of life, increased risk of premature death, aggravation of
9  preexisting conditions and activation of latent conditions, and other losses and
10 damages.  Plaintiff's direct medical losses and costs include care for hospitalization,
11 physician care, monitoring, treatment, medications, and supplies.  Plaintiff has
12 incurred and will continue to incur mental and physical pain and suffering and loss of
13 wages and wage-earning capacity.

14 79.    Defendant's conduct as described above was committed with knowing,
15 conscious, wanton, willful, and deliberate disregard for the value of human life and
16 the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to
17 punitive damages so as to punish Defendant and deter it from similar conduct in the
18 future.

19 **COUNT V:  FRAUDULENT MISREPRESENTATION**

20 80.    Plaintiffs re-allege the above paragraphs.

21 81.    Defendant made fraudulent misrepresentations with respect to
22 FOSAMAX in the following particulars:

23 a.    Defendant represented through its labeling, advertising, marketing
24 materials, detail persons, seminar presentations, publications, notice letters, and
25 regulatory submissions that FOSAMAX had been tested and found to be safe and
26 effective for the treatment of pain and inflammation; and

27 b.    Defendant represented that FOSAMAX was safer than other alternative
28 medications.

12

82.     Defendant knew that its representations were false, yet it willfully, wantonly, and recklessly disregarded its obligation to provide truthful representations regarding the safety and risk of FOSAMAX to consumers, including Plaintiff, and the medical community.

83.     The representations were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

84.     Defendant's representations were made with the intent of defrauding and deceiving Plaintiff, other consumers, and the medical community to induce and encourage the sale of FOSAMAX.

85.     Plaintiff Catherine Rush, Plaintiff's doctors, and others relied upon the representations.

86.     Defendant's fraudulent representations evinced its callous, reckless, willful, and depraved indifference to the health, safety, and welfare of consumers, including Plaintiff.

87.     As a direct and proximate result, Plaintiff Catherine Rush sustained significant and permanent injury of the jaw.  In addition, Plaintiff required and will continue to require healthcare and services.  Plaintiff has incurred and will continue to incur medical and related expenses.  Plaintiff also has suffered and will continue to suffer diminished capacity for the enjoyment of life, a diminished quality of life, increased risk of premature death, aggravation of preexisting conditions and activation of latent conditions, and other losses and damages.  Plaintiff's direct medical losses and costs include care for hospitalization, physician care, monitoring, treatment, medications, and supplies.  Plaintiff has incurred and will continue to incur mental and physical pain and suffering and loss of wages and wage-earning capacity.

88.     Defendant's conduct as described above was committed with knowing, conscious, wanton, willful, and deliberate disregard for the value of human life and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to

punitive damages so as to punish Defendant and deter it from similar conduct in the future.

## COUNT VI:  FRAUDULENT CONCEALMENT

89.    Plaintiffs re-allege the above paragraphs.

90.    Defendant fraudulently concealed information with respect to FOSAMAX in the following particulars:

a.    Defendant represented through its labeling, advertising, marketing materials, detail persons, seminar presentations, publications, notice letters, and regulatory submissions that FOSAMAX was safe and fraudulently withheld and concealed information about the substantial risks of using FOSAMAX; and

b.    Defendant represented that FOSAMAX was safer than other alternative medications and fraudulently concealed information which demonstrated that FOSAMAX was not safer than alternatives available on the market.

91.    Defendant had sole access to material facts concerning the dangers and unreasonable risks of FOSAMAX.

92.    The concealment of information by Defendant about the risks of FOSAMAX was intentional, and the representations made by Defendant were known by Defendant to be false.

93.    The concealment of information and the misrepresentations about FOSAMAX were made by Defendant with the intent that doctors and patients, including Plaintiff, rely upon them.

94.    Plaintiff Catherine Rush, Plaintiff's doctors, and others relied upon the representations and were unaware of the substantial dental and oral risks of FOSAMAX which Defendant concealed from Plaintiff's doctors and Plaintiff.

95.    As a direct and proximate result of Defendant's fraudulent concealment and  misrepresentation, Plaintiff Catherine Rush suffered significant and permanent injury of the jaw and was caused to suffer severe and permanent injuries, including pain and mental and physical anguish and suffering, including a diminished capacity

14

1  for the enjoyment of life, aggravation of preexisting conditions and activation of
2  latent conditions, and a fear of developing other harmful conditions or problems as a
3  result of the injury. Plaintiff has suffered and will continue to suffer a loss of wages
4  and wage-earning capacity and has incurred expense for medical care and treatment
5  due to the injuries caused by FOSAMAX.

6      96.    Defendant's conduct as described above was committed with knowing,
7  conscious, wanton, willful, and deliberate disregard for the value of human life and
8  the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to
9  punitive damages so as to punish Defendant and deter it from similar conduct in the
10 future.

11              **GLOBAL PRAYER FOR RELIEF**

12     WHEREFORE, Plaintiffs demand judgment against Defendant, as follows:

13     a.    compensatory damages on each cause of action;

14     b.    punitive damages on each cause of action;

15     c.    reasonable attorneys' fees where recoverable;

16     d.    costs of this action; and

17     e.    such other additional and further relief as the Court may deem
18 necessary, appropriate, and just.

19              **VIII.  DEMAND FOR JURY TRIAL**

20     Plaintiff demands a trial by jury on all counts and issues so triable.

21

22 Date: October 11, 2007                Respectfully submitted

23
                                        /s/ - CLIFFORD L. CARTER
24                                      CLIFFORD L. CARTER
                                        Attorney for Plaintiff
25

26

27

28

15

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a)   PLAINTIFFS** (Check box if you are representing yourself ☐ )

Catherine Rush

**DEFENDANTS**

MERCK & CO., INC. and DOES 1-25, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

CLIFFORD L. CARTER
CLAYEO C. ARNOLD, PLC
608 UNIVERSITY AVENUE
SACRAMENTO, CA 95825
(916)924-3100

Attorneys (If Known)

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Negligence, Strict Liability, Breach of Express Warranty, Breach of Implied Warranty, Fraudulent Misrepresentation, and Fraudulent Concealment

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☒ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   ☒ No  ☐ Yes

If yes, list case number(s): _____

**FOR OFFICE USE ONLY:**   Case Number: _____

EDCA JS 44 Reverse (Rev. 01/05)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes:

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
                                                                              Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 8/01)  Summons in a Civil Action

# United States District Court

Eastern District of California

Catherine Rush

## SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

MERCK & CO., INC. and DOES 1-25, inclusive

TO: (Name and address of Defendant)

MERCK & CO., INC.
CT Corporation Systems, Agent for Service
818 West Seventh Street
Los Angeles, CA 90017

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY  (name and address)

CLAYEO C. ARNOLD
A PROFESSIONAL LAW CORPORATION
CLIFFORD L. CARTER, SBN 149621
KIRK J. WOLDEN, SBN 138902
608 UNIVERSITY AVENUE
SACRAMENTO, CA 95825

an answer to the complaint which is served on you with this summons, within  20_____  days after
service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with
the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

EDCAO440

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

CATHERINE RUSH,

V.                               **SUMMONS IN A CIVIL CASE**

MERCK  CO., INC.,

CASE NUMBER: **2:07–CV–02145–FCD–JFM**

    TO: **Merck & Co., Inc.**
Defendant's Address:

    **YOU ARE HEREBY SUMMONED** and required to serve on

**Clifford L. Carter**
**608 University Avenue**
**Sacramento, CA 95825**

an answer to the complaint which is served on you with this summons, within **20** days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.



**VICTORIA C. MINOR**
_____
CLERK

**/s/  K. Engbretson**
_____

(By) DEPUTY CLERK

**ISSUED ON 2007–10–11 09:47:47.0**, Clerk
USDC EDCA

**RETURN OF SERVICE**

| | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____

_____

_____

☐ Other (specify) :_____

_____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____

Date                                      *Signature of Server*

_____

*Address of Server*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**CATHERINE RUSH,**

     Plaintiffs,     NO. **2:07–CV–02145–FCD–JFM**

v.

             **ORDER REQUIRING JOINT**
**MERCK  CO., INC.,**        **STATUS REPORT**

     Defendants.

---

 This action has been assigned to the Honorable Frank C. Damrell, Jr. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

 1. Plaintiff(s) shall complete service of process on all parties within one hundred and twenty (120) days of the date of the filing of the complaint;

 2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service.   Any party who impleads a third–party defendant shall serve upon that party a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service;

 3. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this order and shall file with the Clerk of the Court a certificate reflecting such service;

 4. Within sixty (60) days of service of the complaint **on all parties**, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the court a **joint status report** that includes the Rule 26(f) discovery plan. **The parties are instructed to submit a Joint Status Report with all named parties participating in its completion.   If this cannot be accomplished plaintiff's counsel shall contact the undersigned for further instructions prior to the submission of any report.**   The status report shall address the following matters:

  (a) a brief summary of the claims and legal theories under which recovery is
   sought or liability is denied;

  (b) status of service upon all defendants and cross–defendants;

(c) possible joinder of additional parties;

(d) contemplated amendments to the pleadings;

(e) the statutory basis for jurisdiction and venue;

(f) anticipated discovery and the scheduling of discovery, including:

   (1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

   (2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;

   (3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

   (4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

   (5) proposed dates for discovery cut−off;

(g) contemplated dispositive motions and proposed date by which all non−discovery motions shall be heard;

(h) proposed date for final pretrial conference;

(i) proposed date for trial, estimate of days of trial, and whether any party has demanded a jury;

(j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);

(k) proposed modification of standard pretrial procedures because of the simplicity or complexity of the case;

(l) whether the case is related to any other case pending in this district, including the bankruptcy courts of this district;

(m) prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge; and

(n) any other matters that may be conducive to the just and expeditions disposition of the case.

5. The Court, upon review of the joint status report may:

(a) by minute order, set a status conference to be held either by telephone or in person; or

(b) issue a scheduling order incorporating the suggestions of counsel as contained in the joint status report.

6. In the rare event the parties are not able to file a joint status report, each party must file an individual status report and attach a declaration setting forth, in detail, the circumstances that prevented the parties from filing a joint status report.

7. If a status conference is held, a formal order will be issued regarding future proceedings in the case.  Counsel are directed to read the order carefully.  Request to modify or vacate any date set forth in the order are not favored and will not be granted absent good cause.

8. All purely legal issues are to be resolved by timely pretrial motions.  Motions shall be filed in accordance with L.R. 78–230(b). **The court places a page limit of twenty (20) pages on all initial moving papers. Opposition papers shall be filed in accordance with L.R. 78–230(c) and the court places a page limit of twenty (20) pages on oppositions, and a page limit of ten (10) pages for replies. All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.**  Any party that does not oppose the granting of the motion shall file a statement of non–opposition in accordance with L.R. 78–230(c). The failure to file an opposition or statement of non–opposition in accordance with L.R. 78–230(c) may be deemed consent to the granting of the motion and the court may dispose of the motion summarily.  Brydes v. Lewis, 18 F.3d 651, 652–53 (9th Cir. 1994).

9. Counsel are reminded of their continuing duty pursuant to L.R. 16–160 to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case.

Dated:  October 11, 2007        /s/ M. Price_____
                                Maureen A. Price
                                Courtroom Deputy
                                (916) 930–4163 fax (916) 491–3932
                                email: mprice@caed.uscourts.gov
                                Proposed orders to: fcdorders@caed.uscourts.gov

**NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE**

**TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS**

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk                              Office of the Clerk

501 I Street, Room 4–200                  2500 Tulare Street , Suite 1501

Sacramento, CA 95814                       Fresno, CA 93721

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CATHERINE RUSH,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **2:07–CV–02145–FCD–JFM**

**MERCK  CO., INC.,**
Defendant(s)/Respondents(s).

**IMPORTANT**
    **IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

☐  **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____     Signature: _____

Print Name: _____
    ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

☐  **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____     Signature: _____

Print Name: _____
    ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

***If representing more than one party, counsel must indicate name of each party responding.***

## NOTICE OF AVAILABILITY

## VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 16–271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties.  Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court.  After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods.   These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation.   The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 16–271, *this Local Rule applies to* all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances.   The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 16–271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

| Sacramento Cases | Fresno Cases |
|---|---|
| Voluntary Dispute Resolution | Voluntary Dispute Resolution |
| Program Administrator | Program Administrator |
| United States District Court | United States District Court |
| 501 "I" Street , Suite 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |
| (916) 930–4280 | (559) 499–5600 |

Attorney Identification
(include State Bar number)

Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**CATHERINE RUSH,**                          NO.  **2:07–CV–02145–FCD–JFM**
                    Plaintiff(s)

                    v.                       STIPULATION TO ELECT
                                             REFERRAL OF ACTION TO VOLUNTARY
                                             DISPUTE RESOLUTION PROGRAM (VDRP)
**MERCK  CO., INC.,**                         PURSUANT TO LOCAL RULE 16–271
                    Defendant(s)
_____/

     Pursuant to Local Rule 16–271, the parties hereby agree to submit the above–entitled action to

the Voluntary Dispute Resolution Program.

     DATED:_____

                              _____
                              Name:
                              Attorney(s) for Plaintiff(s)

                              _____
                              Name:
                              Attorney(s) for Defendant(s)

| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:* <br> CLIFFORD L CARTER ESQ., Bar #149621 <br> CLAYEO C. ARNOLD, PLC <br> 608 UNIVERSITY AVENUE <br> SACRAMENTO, CA 95825 <br> *Telephone No:* 916-924-3100    *FAX No:* 916-924-1829 | |

*Attorney for:* Plaintiff

*Ref. No. or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*

U.S. DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA

*Plaintiff:* CATHERINE RUSH

*Defendant:* MERCK CO., INC.

| **PROOF OF SERVICE** <br> **SUMMONS IN A CIVIL CASE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* <br> 07-CV-02145-FCD-JFM |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS IN A CIVIL CASE; COMPLAINT; CIVIL COVER SHEET; ORDER REQUIRING JOINT STATUS REPORT; NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS; BLANK CONSENT; NOTICE OF AVAILABILITY VOLUNTARY DISPUTE RESOLUTION; BLANK STIPULATION FOR VDRP

3. a. *Party served:*               MERCK CO., INC.
   b. *Person served:*            MARGARET WILSON, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*    CT CORPORATION SYSTEMS, AGENT FOR SERVICE
                                            818 WEST SEVENTH STREET
                                            LOS ANGELES, CA 90017

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., Oct. 26, 2007 (2) at: 1:30PM

7. *Person Who Served Papers:*                                    Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. RICHARD R GARI                                d.  *The Fee for Service was:*    $30.00

   **2300 P Street**                 e.  I am: (3) registered California process server
   **Sacramento, CA 95816**               (i)   Independent Contractor
   **(916) 498-0808**                     (ii)  *Registration No.:*      4047
   **FAX (916) 498-0817**                 (iii) *County:*               Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.*

   Date: Mon, Oct. 29, 2007

PROOF OF SERVICE <br> SUMMONS IN A CIVIL CASE                (RICHARD R GARI)    *clc.116769*



1    VENABLE LLP
DOUGLAS C. EMHOFF (Cal. Bar No. 151049)
2    JEFFREY M. TANZER (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
3    Los Angeles, California 90067
Telephone: (310) 229-9900
4    Facsimile: (310) 229-9901
E-mail: demhoff@venable.com
5    E-mail: jtanzer@venable.com

6    Attorneys for Defendant
MERCK & CO., INC.
7

8

             UNITED STATES DISTRICT COURT
9

           EASTERN DISTRICT OF CALIFORNIA
10

11    CATHERINE RUSH,              CASE NO. 2:07-CV-02145-FCD-JFM

12               Plaintiff,

13                             **DEFENDANT MERCK & CO., INC.'S**

14    v.                          **ANSWER TO COMPLAINT**

15    MERCK & CO., INC., and        **DEMAND FOR JURY TRIAL**
DOES 1-25, inclusive
16

17               Defendants.

18

19

20

21         Defendant, Merck & Co., Inc. ("Merck"), by and through its undersigned

22    attorneys, hereby answers those allegations of Plaintiff's Complaint ("Complaint")

23    directed to it. To the extent the allegations of any paragraph are directed at defendants

24    other than Merck, Merck is not required to respond to those allegations. To the extent a

25    response is deemed necessary, Merck states that it denies all such allegations, except

26    those that are specifically admitted below. Merck denies all allegations set forth in the

27    Complaint directed at Merck except to the extent such allegations are specifically

28    admitted below:

       ANSWER TO COMPLAINT               1

# I.  <u>JURISDICTION AND VENUE</u>

1.      The allegations of the first sentence of Paragraph 1 are conclusions of law to which no response is required.  To the extent that a response is required, Merck denies each and every allegation of the first sentence of Paragraph 1.  As to the allegations of the second sentence of Paragraph 1, Merck is without knowledge or information sufficient to form a belief as to these allegations, except that Merck admits that it is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.  As to the allegations in the third sentence of Paragraph 1, Merck admits for jurisdictional purposes only, that Plaintiff seeks in excess of $75,000.

2.      The allegations of the first sentence of Paragraph 2 are conclusions of law to which no response is required.  To the extent a response is required, Merck denies the allegations of Paragraph 2.

3.      The allegations of Paragraph 3 do not require a response.

# II.  <u>PARTIES</u>

4.      Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 4.

5.      Merck denies each and every allegation of Paragraph 5, except admits that it is a New Jersey corporation with is principal place of business in New Jersey.

6.      Merck admits that it is registered to do business in the States of California and New York.

7.      Merck is without knowledge as to what is meant by the phrase "regularly transacted," so the allegations in Paragraph 7 are denied.

8.      Merck denies each and every allegation of Paragraph 8, except that it admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® in accordance with its approved prescribing information.  Merck denies any allegations in Paragraph 8 inconsistent with that prescribing information and respectfully refers the Court to the Physician's Desk Reference ("PDR") for

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1 FOSAMAX® for its actual language and full text.

2   9. Merck admits only that it distributed FOSAMAX® for prescription in

3 accordance with its approved prescribing information and denies any allegations in

4 Paragraph 9 inconsistent with that prescribing information.  Merck respectfully refers

5 the Court to the PDR for FOSAMAX® for its actual language and full text.  Except as

6 expressly admitted herein, Merck denies the remaining allegations of Paragraph 9.

7   10. Merck is without knowledge as to what is meant by the phrase "substantial

8 revenue," so the allegations in Paragraph 10 are denied.

9   11. Merck is without knowledge as to what is meant by "consequences," so the

10 allegations in Paragraph 11 are denied.

### III.  SUMMARY OF THE CASE

12   12. Merck denies each and every allegation of Paragraph 12, except that it

admits that Merck manufactured, marketed, and distributed the prescription medicine

FOSAMAX® for prescription in accordance with its approved prescribing information.

15   13. Merck denies each and every allegation of Paragraph 13.

16   14. Merck denies each and every allegation of Paragraph 14.

17   15. Merck denies each and every allegation of Paragraph 15.

18   16. Merck denies each and every allegation of Paragraph 16.

### IV.  FACTUAL BACKGROUND

20   17. Merck denies each and every allegation of Paragraph 17, except that it

21 admits that Merck manufactured, marketed, and distributed the prescription medicine

22 FOSAMAX® for prescription in accordance with its approved prescribing information.

23   18. Merck denies each and every allegation of Paragraph 18, except that

24 Merck admits that it sought and, in 1995, first obtained FDA approval to manufacture

25 and market FOSAMAX® 10 mg and FOSAMAX® 40 mg tablets, a prescription

26 medication approved by the FDA for prescription in accordance with its approved

27 prescribing information.  Merck denies any allegations in Paragraph 18 inconsistent

28 with that prescribing information.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    19.    Merck admits only that FOSAMAX® is a prescription medication

2  approved by the FDA for prescription in accordance with its approved prescribing

3  information and denies any allegations in Paragraph 19 inconsistent with that

4  prescribing information.  Merck also refers the Court to the prescribing information for

5  Aredia and Zometa, and denies any allegations in Paragraph 19 with respect to Aredia

6  and Zometa inconsistent with that prescribing information.

7    20.    Merck admits only that some bisphosphonates contain nitrogen and some

8  do not and that FOSAMAX® is a prescription medication approved by the FDA for

9  prescription in accordance with its approved prescribing information.  Merck denies any

10  allegations in Paragraph 20 inconsistent with that prescribing information.  Merck

11  respectfully refers the Court to the PDR for FOSAMAX® for its actual language and

12  full text.  Merck also refers the Court to the prescribing information for Aredia,

13  Bondronat, Didronel, Bonefos, Loron, and Skelid, and denies any allegations in

14  Paragraph 20 with respect to Aredia, Bondronat, Didronel, Bonefos, Loron, and Skelid

15  inconsistent with that prescribing information.  Merck denies the remaining allegations

16  of Paragraph 20.

17    21.    Merck denies each and every allegation of Paragraph 21.

18    22.    Merck denies each and every allegation of Paragraph 22.

19    23.    Merck denies each and every allegation of Paragraph 23.

20    24.    Merck is without knowledge or information sufficient to form a belief as to

21  the allegations of Paragraph 24.

22    25.    Merck denies each and every allegation of Paragraph 25.

23    26.    Merck denies each and every allegation of Paragraph 26.

24    27.    Merck denies each and every allegation of Paragraph 27.

25    28.    Merck denies each and every allegation of Paragraph 28.

26    29.    Merck denies each and every allegation of Paragraph 29, except that

27  Merck admits that the FDA drafted an "ODS Postmarketing Safety Review," but

28  respectfully refers the Court to said document for its actual language and full text.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

30.    Merck denies each and every allegation of Paragraph 30.

31.    Merck denies each and every allegation of Paragraph 31.

32.    Merck denies each and every allegation of Paragraph 32.

33.    Merck denies each and every allegation of Paragraph 33, except that Merck admits that Fosamax product sales in 2006 amounted to approximately $3.13 billion.

34.    Merck is without knowledge as to whether Plaintiff used FOSAMAX®. Merck denies the remaining allegations in Paragraph 34.

35.    Merck denies each and every allegation of Paragraph 35.

36.    Merck is without knowledge as to whether Plaintiff was prescribed FOSAMAX®.  Merck denies the remaining allegations in Paragraph 36.

37.    Merck denies each and every allegation of Paragraph 37.

38.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 38.

39.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 39.

40.    Merck denies each and every allegation of Paragraph 40.

41.    Merck denies each and every allegation of Paragraph 41.

42.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 42.

43.    Merck denies each and every allegation of Paragraph 43.

44.    Merck denies each and every allegation of Paragraph 44.

45.    Merck denies each and every allegation of Paragraph 45.

## COUNTS

## COUNT I:  NEGLIGENCE

46.    Merck repleads its answers to Paragraphs 1 through and including 45, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

ANSWER TO COMPLAINT                    5

47.    The allegations in Paragraph 47 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Merck respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

48.    Merck denies each and every allegation of Paragraph 48, including each and every allegation contained in subparts (a) through (f).

49.    Merck denies each and every allegation of Paragraph 49.

50.    Merck denies each and every allegation of Paragraph 50.

## COUNT II:  STRICT LIABILITY

51.    Merck repleads its answers to Paragraphs 1 through and including 50, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

52.    Merck denies each and every allegation of Paragraph 52, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and states that it is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges he consumed.

53.    Merck denies each and every allegation of Paragraph 53, except that it admits that Merck manufactured, marketed and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information and states that it is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges he consumed.

54.    Merck is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 54.

55.    Merck denies each and every allegation of Paragraph 55.

56.    Merck denies each and every allegation of Paragraph 56.

57.    Merck denies each and every allegation of Paragraph 57.

58.    Merck denies each and every allegation of Paragraph 58.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  59.  Merck denies each and every allegation of Paragraph 59.

2  60.  Merck denies each and every allegation of Paragraph 60.

3  61.  Merck denies each and every allegation of Paragraph 61.

4  62.  Merck denies each and every allegation of Paragraph 62.

5  **COUNT III:  BREACH OF EXPRESS WARRANTY**

6  63.  Merck repleads its answers to Paragraphs 1 through and including 62, and

7  by this reference hereby incorporates the same herein in this paragraph, and makes the

8  same a part hereof as though fully set forth *verbatim*.

9  64.  Merck denies each and every allegation of Paragraph 64, and respectfully

10  refers the Court to the FDA-approved prescribing information for any and all

11  representations contained therein.  Merck further avers that FOSAMAX® is a

12  prescription medication approved by the FDA for prescription in accordance with its

13  approved prescribing information.

14  65.  Merck denies each and every allegation of Paragraph 65.

15  66  Merck denies each and every allegation of Paragraph 66.

16  67.  Merck lacks knowledge or information sufficient to form a belief as to the

17  truth or falsity of the allegations of Paragraph 67.

18  68.  Merck denies each and every allegation of Paragraph 68.

19  69.  Merck denies each and every allegation of Paragraph 69.

20  **COUNT IV:  BREACH OF IMPLIED WARRANTY**

21  70.  Merck repleads its answers to Paragraphs 1 through and including 69, and

22  by this reference hereby incorporates the same herein in this paragraph, and makes the

23  same a part hereof as though fully set forth *verbatim*.

24  71.  Merck denies each and every allegation of Paragraph 71, except that

25  Merck admits that it manufactured, marketed, and distributed the prescription medicine

26  FOSAMAX® for prescription in accordance with its approved prescribing information.

27  72.  Merck denies each and every allegation of Paragraph 72, and respectfully

28  refers the Court to the FDA-approved prescribing information for any and all

ANSWER TO COMPLAINT                    7

representations contained therein. Merck further avers that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information.

73.    Merck denies each and every allegation of Paragraph 73.

74.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74.

75.    Merck denies each and every allegation of Paragraph 75.

76.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77.

78.    Merck denies each and every allegation of Paragraph 78.

79.    Merck denies each and every allegation of Paragraph 79.

### COUNT V:  FRAUDULENT MISREPRESENTATION

80.    Merck repleads its answers to Paragraphs 1 through and including 79, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

81.    Merck denies each and every allegation of Paragraph 81, including each and every allegation contained in subparts (a) through (b).

82.    Merck denies each and every allegation of Paragraph 82.

83.    Merck denies each and every allegation of Paragraph 83.

84.    Merck denies each and every allegation of Paragraph 84.

85.    Merck denies each and every allegation of Paragraph 85.

86.    Merck denies each and every allegation of Paragraph 86.

87.    Merck denies each and every allegation of Paragraph 87.

88.    Merck denies each and every allegation of Paragraph 88.

### COUNT VI:  FRAUDULENT CONCEALMENT

89.    Merck repleads its answers to Paragraphs 1 through and including 88, and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

90.    Merck denies each and every allegation of Paragraph 90, including each and every allegation contained in subparts (a) through (b).

91.    Merck denies each and every allegation of Paragraph 91.

92.    Merck denies each and every allegation of Paragraph 92.

93.    Merck denies each and every allegation of Paragraph 93.

94.    Merck denies each and every allegation of Paragraph 94.

95.    Merck denies each and every allegation of Paragraph 95.

96.    Merck denies each and every allegation of Paragraph 96.

## GLOBAL PRAYER FOR RELIEF

Merck denies that Plaintiff is entitled to any of the relief requested in her Global Prayer for Relief.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following additional defenses should be available to Merck in this matter. Merck, therefore, asserts said additional defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Merck may withdraw any of these additional defenses as it may deem appropriate. Further, Merck reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Merck states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

## SECOND AFFIRMATIVE DEFENSE

2    The Complaint fails to state a claim upon which relief can be granted.

3

## THIRD AFFIRMATIVE DEFENSE

4    Each and every claim asserted or raised in the Complaint is barred by the

5    doctrines of estoppel, waiver or statutory and regulatory compliance.

6

## FOURTH AFFIRMATIVE DEFENSE

7    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

8    information and belief, such injuries or losses were caused in whole or in part through

9    the operation of nature or other intervening cause or causes.

10

## FIFTH AFFIRMATIVE DEFENSE

11    To the extent that Plaintiff asserts claims based on Merck's adherence to and

12    compliance with applicable state laws, regulations and rules, such claims are preempted

13    by federal law under the Supremacy Clause of the United States Constitution.

14

## SIXTH AFFIRMATIVE DEFENSE

15    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck

16    to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®,

17    such claims are barred under the learned intermediary doctrine because Merck has

18    discharged its duty to warn in its warnings to the prescribing physician.

19

## SEVENTH AFFIRMATIVE DEFENSE

20    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

21    injuries or losses were cause in whole or in part by the contributory negligence of the

22    allegedly injured Plaintiff.

23

## EIGHTH AFFIRMATIVE DEFENSE

24    Any liability that might otherwise be imposed upon this Defendant is subject to

25    reduction by the application of the doctrine of comparative fault.

26

## NINTH AFFIRMATIVE DEFENSE

27    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

28    injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  willfully assumed the risk of any injury as the result of the consumption of,

2  administration of, or exposure to any medicine or pharmaceutical preparation

3  manufactured or distributed by Merck or other manufacturer.

### TENTH AFFIRMATIVE DEFENSE

5  If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

6  information and belief, such injuries and losses were caused by the actions of persons

7  not having real or apparent authority to take said actions on behalf of Merck and over

8  whom Merck had no control and for whom Merck may not be held accountable.

### ELEVENTH AFFIRMATIVE DEFENSE

10  If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

11  information and belief, such injuries and losses were proximately caused by Plaintiff's

12  misuse or abuse of FOSAMAX®.

### TWELFTH AFFIRMATIVE DEFENSE

14  If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

15  injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic

16  and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions,

17  subsequent medical conditions or natural courses of conditions for which this

18  Defendant is not responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

20  To the extent that Plaintiff relies upon any theory of breach of warranty, such

21  claims are also barred for lack of timely notice of breach and/or lack of privity.

### FOURTEENTH AFFIRMATIVE DEFENSE

23  Plaintiff's claims are barred in whole or in part under the applicable state law

24  because FOSAMAX® was subject to and received pre-market approval by the FDA

25  under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTEENTH AFFIRMATIVE DEFENSE

27  Plaintiff's claims are barred in whole or in part because the product at issue was

28  made in accordance with the state of the art at the time it was manufactured.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have

1  reduced the alleged risk without substantially impairing the reasonably anticipated and
2  intended function of FOSAMAX®.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

4  Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

6  Plaintiff's claims are barred in whole or in part because Merck's conduct
7  conforms with medical knowledge.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

9  With respect to each and every cause of action, Plaintiff is not entitled to
10  recovery for strict liability because Plaintiff cannot state claims founded in strict
11  liability because, among other things, comments j and k to Section 402A of the
12  Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of
13  action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

15  All activities of Merck as alleged in the Complaint were expressly authorized
16  and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to
17  unfair or deceptive practices are barred.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

19  With respect to each and every cause of action, Plaintiff is not entitled to recover
20  because if the product involved was unsafe, which Merck denies, then it was
21  unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the
22  product exceeded any apparent risk given the scientific knowledge available when the
23  product was marketed.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

25  Merck's advertisements and labeling with respect to the products which are the
26  subject matter of this action were not false or misleading and, therefore, constitute
27  protected commercial speech under the applicable provisions of the
28  Constitution of the United States and the Constitution of California.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1

### THIRTIETH AFFIRMATIVE DEFENSE

2 The public interest in the benefit and availability of the product which is the

3 subject matter of this action precludes liability for risks, if any, resulting from any

4 activities undertaken by this Defendant, which were unavoidable given the state of

5 human knowledge at the time those activities were undertaken.  With respect to

6 Plaintiff's claims, if it is determined there is a risk inherent in the product which is the

7 subject matter of this action, then such risk, if any, is outweighed by the benefit of the

8 product.

9

### THIRTY-FIRST AFFIRMATIVE DEFENSE

10 At all times relevant herein, any product which is the subject matter of this action

11 manufactured and distributed by Merck in any state in the United States was

12 manufactured and distributed in a reasonable and prudent manner based upon available

13 medical and scientific knowledge and further was processed and distributed in

14 accordance with and pursuant to all applicable regulations of the FDA.

15

### THIRTY-SECOND AFFIRMATIVE DEFENSE

16 With respect to each and every purported cause of action, the acts of Merck were

17 at all times done in good faith and without malice.

18

### THIRTY-THIRD AFFIRMATIVE DEFENSE

19 To the extent there were any risks associated with the use of the product which is

20 the subject matter of this action which Merck knew or should have known and which

21 gave rise to a duty to warn, Merck at all times discharged such duty through appropriate

22 and adequate warnings in accordance with federal and state law.

23

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

24 Plaintiff has not sustained an ascertainable loss of property or money.

25

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

26 Plaintiff has not suffered any actual injury or damages.

27

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

28 Plaintiff's claimed are barred under the doctrine of economic loss.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

If Plaintiff have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than answering defendant, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault. In the event of a finding of liability in favor of Plaintiff, a settlement, or a judgment against answering defendant, answering defendant requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company* and *America Motorcycle Association v. Superior Court.* Answering defendant also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## FORTY-FIRST AFFIRMATIVE DEFENSE

The asymptomatic plaintiff lacks standing because they have suffered no damages and no injury-in-fact.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## PRAYER FOR RELIEF

WHEREFORE, Merck prays as follows:

1.    That Plaintiff takes nothing by the Complaint;

2.    That this action be dismissed with prejudice;

3.    That Merck be awarded its costs of suit herein, and its attorney's fees to the extent provided for by statute or contract;

4.    For such other and further relief as the Court deems just and proper.

Dated: November 15, 2007

VENABLE LLP
DOUGLAS C. EMHOFF
JEFFREY M. TANZER


By _____
Jeffrey M. Tanzer
Attorneys for Defendant
Merck & Co., Inc.

# DEMAND FOR JURY TRIAL

Merck demands a trial by jury as to all issues so triable.

Dated: November 15, 2007

VENABLE LLP
DOUGLAS C. EMHOFF
JEFFREY M. TANZER

By _____

Jeffrey M. Tanzer
Attorneys for Defendant
Merck & Co., Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANSWER TO COMPLAINT                 17

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On November 15, 2007, I served the foregoing document(s) described as **DEFENDANT MERCK & CO., INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action addressed as follows:

Clayeo C. Arnold                        Attorneys for Plaintiff
Clifford L. Carter
Kirk J. Wolden
CLAYEO C. ARNOLD, P.C.
608 University Avenue
Sacramento, CA 95825

☒    By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☒    **BY MAIL (CCP §1013(a)&(b))**:  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service. Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

☐    **BY OVERNIGHT DELIVERY  (CCP §1013(c)&(d))**:  I am readily familiar with the firm's practice of collection and processing items for delivery with Overnight Delivery. Under that practice such envelope(s) is deposited at a facility regularly maintained by Overnight Delivery or delivered to an authorized courier or driver authorized by Overnight Delivery to receive such envelope(s), on the same day this declaration was executed, with delivery fees fully provided for at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

Executed on November 15, 2007 at Los Angeles, California

☐    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    **(FEDERAL)**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
Jesse Rodriguez

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ANSWER TO COMPLAINT                    18

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212)805-0136

J. Michael McMahon
Clerk

USDC ED OF CALIFORNIA

Date: 12/3/07

In Re:    Fosamax

MDL    1789

Your Docket #

S.D. OF N.Y.

2:07-2145

07 CV 10952

Dear Sir:

      Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge KEENAN     for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

      Please return the copy of this letter when transmitting YOUR FILE and a CERTIFIED COPY OF THE DOCKET SHEET.

Sincerely,
J.Michael McMahon

By:
MDL Unit

**A CERTIFIED TRUE COPY**

## JUDGE KEENAN

## 07 CV 10952

NOV - 9 2007

FILED
CLERK'S OFFICE

NOV 2 7 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                    MDL No. 1789

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-39)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 101 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

NOV 2 7 2007

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK

BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
501 "I" STREET
SACRAMENTO, CA  95814

December 19, 2007

Office of the Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE:  MDL 1789- In re Fosamax Products Liability Litigation
      CAED case #  07-2145 FCD JFM

Dear Clerk,

      The above captioned case is transferred to your court pursuant to the enclosed MDL Transfer
Order. Enclosed is a certified copy of the docket sheet. We are an electronic court. To access our
docket and view the documents you will have to go to our website at www.caed.uscourts.gov and
log in with your Pacer Account user ID and password.

      Please acknowledge receipt of the above documents by endorsing the copy of this letter
provided.

                                        Sincerely,
                                        Victoria C. Minor, Clerk



                                        by:  /s/ A. Benson
                                            A. Benson, Deputy Clerk


DATE RECEIVED: _____

BY DEPUTY CLERK:        _____